Daub v. Englebach.

John M. Daub et al.

v.

Herman Englebach.

Mortgage—Foreclosure—Correcting error in record.—The bill of complaint goes upon the theory that the mortgage sought to be foreclosed correctly described the land, but was incorrectly recorded, but the evidence going to show that the mortgage was correctly recorded, but had been fraudulently altered so as to embrace a different tract of land, the decree for complainant cannot be sustained.

ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 19, 1881.

Mr. W. P. CALLEN, for plaintiffs in error; that any material alteration in the deed, after execution and delivery, renders it void, and it cannot be admitted in evidence, cited 2 Starkie's Ev. 271; 2 Stephens' N. P. 1162; Montag v. Linn, 23 Ill. 551; Greenleaf's Ev. § 564; People v. Organ, 27 Ill. 27; Waring v. Smyth, 2 Barb. Ch. 119; Booth v. Powers, 56 N. Y. 22; Pyle v. Onstat, 92 Ill. 209; Bigelow on Frauds, 204.

Messrs. BROWN, KIRBY & RUSSELL, for defendants in error; that matters admitted by the pleadings need not be proved, cited Morgan v. Corlies, 81 Ill. 72.

When a defendant admits the allegation in a bill and seeks to avoid them by setting up new matter, the burden of proof is upon him as to the new matter: Pankey v. Raum, 51 Ill. 88.

The party who alleges fraud must prove it: Stout v. Oliver, 40 Ill. 245; Hall v. Jarvis, 65 Ill. 302.

Fraud is never presumed: Wright v. Grover, 27 Ill. 426; Blow v. Gage, 44 Ill. 208.

A party having notice of facts which should put him upon inquiry is chargeable with knowledge of whatever such inquiry would develop: Bent v. Coleman, 89 Ill. 36; Shepardson v. Stevens, 71 Ill. 646.

DAVIS, J. This was a suit in chancery brought by defendant in error to obtain a foreclosure, and to reform the record of the mortgage sought to be foreclosed. Conrad Daub, now deceased, was indebted in his lifetime, to defendant in error, and to secure the payment of the note given for the debt, executed with his wife, August 11, 1873, to Englebach, a mortgage on the southwest quarter of the northwest quarter of Sec. 9, the northeast quarter of the northeast quarter of Sec. 17, and the west half of the northwest quarter of Sec. 9, all in township 16, range 11. Afterwards Conrad Daub and wife conveyed the first two of the said described tracts of land, and also the west half of the southwest quarter of Sec. 9, to John

M. Daub, and afterwards John M. Daub and his wife executed a trust deed to Thomas Mosely, as trustee for Joshua Sprague, on the said west half of the southwest quarter of Sec. 9.    The bill charges that Conrad Daub and his wife, to secure the note given to Englebach, executed to him a mortgage on the southwest quarter of the northwest quarter of Sec. 9, the northeast quarter of the northeast quarter of Sec. 17, and the west half of the southwest quarter of Sec. 9, all in township 16, range 11; and that the mortgage was duly recorded.

It is also charged in the bill, that the land so mortgaged was afterwards conveyed by Conrad Daub and wife to the said John M. Daub.

The bill further charges that the record of said mortgage does not properly describe the last piece of land in said mortgage set out, in this, that it described the same as the west half of the northwest quarter of Sec. 9, &c., instead of the west half of the southwest quarter of Sec. 9, &c.

It is also charged in the bill that the lien of Sprague and Mosely is subject to the lien of defendant in error.    The relief sought is a foreclosure of the mortgage and a reformation of the record, so that it shall describe the last tract of land as the west half of the southwest quarter of Sec. 9.    John M. Daub and wife, in their answer, admit that Conrad Daub and wife did execute a mortgage to defendant in error on the day charged, but they deny that the mortgage described in the bill is the one which was so executed by them, and say that the mortgage which they did so execute was the mortgage which was correctly described in the record of the mortgage. They deny that the record of said mortgage does not properly describe the last piece of land in said mortgage set out, and they say that the said record is a correct record of the mortgage made by the said Conrad Daub and wife to defendant in error, and charge that the original mortgage has been fraudulently altered in a material point since it was recorded in this, that the words in the original mortgage, " The west half of the northwest quarter of Sec. 9," have been altered by erasing the word *north* and substituting the word *south*, so as to make it read, " The west half of the southwest quarter of Sec. 9."

Plaintiffs in error, Mosely and Sprague, answer the bill, and deny that Conrad Daub owed anything which was secured by a mortgage on the west half of the southwest quarter of Sec. 9, etc., but admit an indebtedness which was secured by mortgage on, among other land, the west half of the north · west quarter of Sec. 9.

On the hearing below the court found that as to plaintiffs in error, John M. Daub and Caroline Daub, the mortgage is a first lien on the southwest quarter of northwest quarter of Sec. 9, etc.; also the northeast quarter of northeast quarter of Sec. 17, and also the west half of the southwest quarter of Sec. 9, etc., and that as to plaintiffs in error, Mosely and Sprague, the mortgage is a lien on the west half of the southwest quarter of Sec. 9, subject to their trust deed made by Daub and wife, and decreed a foreclosure and sale of the land, subject to the trust deed as aforesaid. To reverse the decree, plaintiffs in error posecute this writ and assign for error, among other things, that the court erred in rendering the decree in this case so far as it subjects the west half of the southwest quarter of Sec. 9 to the mortgage of defendant in error, and that the court erred in rendering a decree against plaintiffs in error. The case made by the bill is that Conrad · Daub and wife executed to Herman Englebach a mortgage on three tracts of land, one of which was the west half of the southwest quarter of Sec. 9, etc., and that the record of said mortgage did not properly describe said tract of land in this, that it describes it as the west half of the *north*west quarter of Sec. 9, instead of the west half of the *south*west quarter of said Sec. 9. The case as made by a clear preponderance of the proof, is that Conrad Daub and wife executed a mortgage on three tracts of land, but that it did not embrace the tract in the west half of the southwest quarter of said Sec. 9, but it covered the tract described as the west half of the northwest quarter of said section, and that the record of said mortgage correctly described the land as mortgaged, and that the original mortgage after it was executed was altered by some person from the northwest quarter to the southwest quarter of Sec. 9. The suit is not brought and prosecuted on the theory that the parties intended that the

tract in the southwest quarter of the section, should be mortgaged, and by mutual mistake, it was described as being in the northwest quarter; but on the ground that the mortgage was actually executed on the southwest quarter and by a mistake of the recorder, it was incorrectly recorded so as to describe the tract as being in the northwest quarter. While therefore, the case as made by the bill was disproved, and the mortgage remained as it was executed, with the mistake in the description uncorrected; if any mistake was made, it was error for the court to decree a foreclosure and sale of a tract of land which was not embraced in the mortgage. The court also erred in granting the decree of foreclosure and sale of the tract of land in the southwest quarter of Sec. 9, as against John M. Daub, and wife. The deed from Conrad Daub and wife conveyed to John M. Daub, the tract of land in said southwest quarter. At the time of said conveyance, and when it was recorded, and now the appellee, Englebach, had and has no lien upon it. The mortgage executed to him by Conrad Daub, does not embrace this tract of land, and there is no evidence that a mistake was made in describing the land embraced in his mortgage. Nor is there any evidence whatever, that if any such mistake was made John M. Daub had any notice of it, actual or constructive.

For these errors the decree must be reversed, and the cause remanded.

Decree reversed.